UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-016-DLB

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                    **BINDING PLEA AGREEMENT**

JUSTIN BRYANT                                                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One and Count Two of the Indictment. Count One charges a violation of 21 U.S.C. § 841, possession with the intent to distribute controlled substances, including a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Count Two charges a violation of 18 U.S.C. §924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Three and Four. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentencing range with respect to the term of imprisonment.



2. The essential elements of Count One are:

(a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and

(b) The Defendant had the intent to distribute such substances.

The essential elements of Count Two are:

(a) That the Defendant committed the crime of possession with the intent to distribute controlled substances, a drug trafficking offense which may be prosecuted in a court of the United States;

(b) That the Defendant knowingly possessed a firearm; and

(c) That the possession of this firearm was in furtherance of the aforementioned drug trafficking offense.

(i) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged considering the following non-exhaustive factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found.

3. As to Counts One and Two, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about December 11, 2023, law enforcement encountered the Defendant during a traffic stop in Floyd County, in the Eastern District of Kentucky. The Defendant had in his actual possession, among other things, 22.726 grams of a mixture or substance that contained methamphetamine and 3.57 grams of a mixture or substance that contained fentanyl and fluorofentanyl. The Defendant was involved in drug trafficking and intended to distribute these controlled substances.




Also in the actual possession of the Defendant was a loaded Taurus, Model G3C, 9mm pistol with serial number ABE619803. Based on multiple prior felony convictions, the Defendant was not permitted to possess a firearm. The Defendant possessed this firearm to protect himself from the dangers associated with drug trafficking. The Defendant was arrested in connection with this conduct, but was subsequently released.

(b) The Defendant continued to engage in drug trafficking. On or about March 1, 2025, the Defendant was again contacted by law enforcement in Floyd County. The Defendant had in his actual possession 81.256 grams of a mixture or substance containing methamphetamine. The Defendant intended to distribute this methamphetamine. The Defendant was also in possession of, among other things, 9mm ammunition.

4. The statutory punishment for Count One is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of at least 3 years. The statutory punishment for Count Two is not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. The United States and the Defendant agree to the following specific sentencing range, which binds the Court upon acceptance of this plea agreement.

    (a) The Defendant's term of imprisonment shall be at least 180 months to but not more than 225 months.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based

on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may

4



have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                                                                        PAUL C. McCAFFREY
                                                                        ACTING UNITED STATES ATTORNEY

Date: 10/10/25    By: _____
                                               Andrew H. Trimble
                                               Assistant United States Attorney

Date: 10-10-2025    _____
                                               Justin Bryant
                                               Defendant

Date: 10/10/2025    _____
                                               Sebastian M. Joy
                                             Attorney for Defendant